UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL SCOTT,

    Plaintiff,

v.                                Case No. 4:21-cv-293-AW/MJF

MARK INCH, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.[1]

### I. BACKGROUND

On July 13, 2021, Plaintiff, a prisoner proceeding *pro se*, initiated this section 1983 action by filing a complaint and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Because Plaintiff's complaint and motion failed to comply with the Local Rules of the United States District Court for the Northern District of Florida, the undersigned ordered Plaintiff to file an amended complaint and a fully-

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

completed motion for leave to proceed *in forma pauperis* that complied with the Local Rules. Doc. 4. The undersigned warned Plaintiff that his failure to comply with the order likely would result in a dismissal of this action for failure to comply with an order of this court, failure to prosecute, and failure to comply with the Local Rules. *Id.* at 5.

On July 27, 2021, Plaintiff filed a first amended complaint and a motion for leave to proceed *in forma pauperis*. Docs. 5, 6. These filings, like his original filings, did not comply with the Local Rules because, among other things, neither filing was on the court-approved form and Plaintiff's handwriting was illegible. Docs. 5, 6. Thus, on August 10, 2021, the undersigned ordered Plaintiff to file a second amended complaint and a fully-completed motion for leave to proceed *in forma pauperis* that complied with the Local Rules. Doc. 7. The undersigned again warned Plaintiff that failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to comply with the Local rules. *Id.* at 3.

On August 18, 2021, Plaintiff filed a second amended complaint and a motion for leave to proceed *in forma pauperis*. Docs. 8, 9. Although Plaintiff filed his second amended complaint and motion on the court-approved forms, both filings suffered from several defects. For example, the handwriting of Plaintiff's second amended complaint was illegible and his allegations were indecipherable. Doc. 8.

Furthermore, Plaintiff failed to include with his motion an inmate-account statement covering the six-month period preceding the filing of his complaint and it appeared that Plaintiff—not a prison official—signed Plaintiff's Prisoner Consent Form and Financial Certificate. Doc. 9 at 4. Thus, on August 30, 2021, the undersigned ordered Plaintiff to file a third amended complaint and a fully-completed motion for leave to proceed *in forma pauperis* that complied with the undersigned's order. Doc. 10. The undersigned imposed a deadline of September 29, 2021 to comply. *Id.* at 3-4. The undersigned again warned Plaintiff that his failure to comply with the undersigned's order likely would result in dismissal of this action for failure to comply with an order of this court, failure to prosecute, failure to pay the filing fee, and failure to comply with the Local Rules. Plaintiff did not comply with the undersigned's order.

On October 13, 2021, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's August 30, 2021 order. Doc. 11. The undersigned imposed a deadline of November 3, 2021 to comply. *Id.* The undersigned—for the fourth time—warned Plaintiff that his failure to comply with the undersigned's order likely would result in dismissal of this action for failure to comply with an order of this court, failure to prosecute, failure to pay the filing fee, and failure to comply with the Local Rules. *Id.* As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's order.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see, e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On August 30, 2021, the undersigned ordered Plaintiff to file a third amended complaint and a motion for leave to proceed *in forma pauperis*. Doc. 12. Despite

having over two months to comply with the undersigned's order, Plaintiff has not prosecuted this action in any respect. He also has not complied with the undersigned's orders. For these reasons, the undersigned recommends that this action be dismissed without prejudice.

### III. CONCLUSION

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice.

2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 22nd day of November, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**